IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BONNIE COLLIER, | : | Case No. 1:15-cv-00802 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER** |
| CRACKER BARREL OLD COUNTRY STORE, INC., | : | |
| Defendant. | : | |

During a hearing held on July 18, 2017, having allowed Attorneys William P. Allen and Patrick W. Allen to withdraw as counsel, this Court ordered Plaintiff Bonnie Collier to retain new counsel, or indicate that she planned to proceed *pro se*, by September 18, 2017. Ms. Collier was advised that if she was unable to retain new counsel or decide whether she wished to proceed *pro se* by September 18, 2017, the Court would grant her one—and only one—30-day extension of time. Ms. Collier called the Court's Chambers on September 12, 2017 and requested such an extension, which was granted. Thus, Ms. Collier had until October 18, 2017 to retain new counsel or indicate that she planned to proceed *pro se*.

At the July 18, 2017 hearing, the Court informed Ms. Collier that her civil action would be dismissed if she failed to retain new counsel, or indicate that she planned to proceed *pro se*, by September 18, 2017, or by any future date established by a one-time 30-day extension. Ms. Collier confirmed that she understood the Court's intention.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). Additionally, a plaintiff's failure

1

to litigate her case and obey orders of the Court warrants dismissal pursuant to Fed. R. Civ. P. 41(b). *Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991). Inasmuch as new counsel has not entered an appearance, the Court will evaluate Ms. Collier's actions—or, more precisely, her failure to act—as if she were proceeding *pro se*. However, the special consideration required by *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), does not attach when the dismissal contemplated occurs not "as the result of inartful pleading or any lack of legal training, but rather because [Plaintiff] failed to adhere to readily comprehended court deadlines of which [s]he was well-aware." *Jourdan*, 951 F.2d at 110. The Court's instruction to Ms. Collier at the July 18, 2017 hearing was straightforward, and, to ensure her understanding, the Court included very specific directions in a written Order docketed the next day, July 19, 2017. (Doc. 20.) Having sought an extension on September 12, 2017, Ms. Collier plainly understood her obligation moving forward.[1] *Jourdan*, 951 F.2d at 110.

This case was filed in the Hamilton County Court of Common Pleas on November 17, 2015 and removed to the Southern District of Ohio on December 17, 2015. (Docs. 1, 2.) Defendant's Motion for Summary Judgment, still unopposed, has been pending since July 11, 2017. (Doc. 17.) After her counsel withdrew, this Court generously allowed Ms. Collier 90 days to find another lawyer or advise that she planned to proceed *pro se*. To date she has done neither, in patent violation of our July 18, 2017 Order. "Although this [C]ourt prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan*, 951 F.2d at 110 (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980).)

---

[1] A copy of the Court's written Order was served on Ms. Collier by both ordinary mail and certified mail, return receipt requested. Although the copy served by certified mail was returned as "unclaimed" (Doc. 25), the Court has no reason to believe that Ms. Collier did not receive the copy served by ordinary mail.

2

Accordingly, the Court **DISMISSES** this case for want of prosecution and for failure to follow an order of the Court. The Clerk is directed to serve a copy of this Order to Ms. Collier at the address she confirmed as correct during the July 18, 2017 hearing (816 Pryantia Avenue, Hamilton, Ohio 45013) by both ordinary mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated: 10/19/17

Judge Susan J. Dlott
United States District Court